UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENDY A. FALLA,

    Plaintiff,

    v.

C. DUCART, et al.,

    Defendants.

Case No. 16-cv-00869-JST (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff states that he was the victim of excessive force and that he was denied medical care.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). With respect to excessive force, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). But not every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id.

An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges that on June 4, 2015, PBSP correctional officers Vangilder and Vasquez were engaging in unprofessional conduct and "horse playing" with each other when Vangilder discharged a chemical agent grenade near plaintiff's cell. Plaintiff states he felt a severe burning sensation in his skin and eyes from the chemical agent being dispersed. Plaintiff requested medical attention, but Vangilder and Vasquez ignored his pleas for help. Liberally construed,

these allegations of excessive force and denial of medical attention are sufficient to proceed.

Liberally construed, the complaint also states cognizable California state law claims for negligence and intentional infliction of emotional distress against defendants as Vangilder and Vasquez. The Court will exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Plaintiff also states that defendants Ducart, Cupp, Cuske, and Ohland allowed the "systemic deficiencies" that led to this incident. Plaintiff has failed to present sufficient allegations against these defendants to link them to the constitutional deprivations. The complaint will be dismissed with leave to amend to provide more information about these defendants. Failure to file an amended complaint will result in the dismissal of these defendants and the action will proceed only against Vangilder and Vasquez.

## CONCLUSION

Plaintiff's complaint states cognizable federal claims for excessive force and deliberate indifference to serious medical needs and supplemental state law claims for negligence and intentional infliction of emotional distress as against PBSP correctional officers Vangilder and Vasquez. Leave to amend will be granted so that plaintiff may attempt to cure the pleading deficiencies discussed in relation to his claims against Ducart, Cupp, Cuske, and Ohland. The amended complaint must be filed within **twenty-eight (28) days** from the date this order is filed and must include the caption and civil case number used in this order (C 16-0869 JST (PR)) and the words AMENDED COMPLAINT on the first page. The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.

Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Therefore, he must repeat his allegations against Vangilder and Vasquez in the amended complaint if he files an amended complaint. Failure to amend within the designated time will result in the dismissal of all defendants except Vangilder and Vasquez. If plaintiff does not wish to file an amended complaint, he shall so inform the Court

4

within **twenty-eight (28) days** from the date of this order.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 22, 2016

_____
JON S. TIGAR
United States District Judge