UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENDY A. FALLA,<br>    Plaintiff,<br>v.<br>J. VASQUEZ, et al.,<br>    Defendants. | Case No. 16-cv-00869-HSG (PR)<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT; SECOND ORDER OF SERVICE**<br><br>Re: Dkt. No. 24 |

Plaintiff, an inmate at Pelican Bay State Prison ("PBSP"), filed a pro se civil rights action under 42 U.S.C. § 1983 against PBSP staff. On November 3, 2016, the Court screened plaintiff's amended complaint and found that it stated cognizable Eighth Amendment claims and supplemental state law claims against defendants PBSP correctional officers Vangilder and Vasquez. The Court dismissed PBSP defendants Ducart, Cupp, Cuske, and Ohland on the grounds that plaintiff failed to present sufficient allegations to link these four defendants to any constitutional violation. The Court advised plaintiff that he could move to amend his pleadings if he was later able to allege facts establishing liability against the dismissed defendants.

On November 23, 2016 plaintiff filed a civil rights complaint form, which appears to be a proposed second amended complaint ("SAC"). *See* Dkt. No. 24. Although it was not accompanied by a motion, the Court construes the filing as a motion for leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written

1  consent of the adverse party. Fed. R. Civ. P. 15(b). Federal Rule of Civil Procedure 15(a) is to be
2  applied liberally in favor of amendments and, in general, leave shall be freely given when justice
3  so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). There is no
4  indication that plaintiff's motion is sought in bad faith, constitutes an exercise in futility, or creates
5  undue delay. *See id.* Nor is there any suggestion that allowing plaintiff to file his proposed SAC
6  would cause defendants any undue prejudice. *See id.* Accordingly, plaintiff's motion for leave to
7  amend is GRANTED.
8       The SAC is now the operative pleading and is before the Court for review under 28 U.S.C.
9  § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the SAC, on June 4, 2015, PBSP correctional officers Vangilder and Vasquez were engaging in unprofessional conduct and "horse playing" with each other, which caused them to drop a grenade that discharged a chemical agent near plaintiff's cell. Plaintiff states he felt a severe burning sensation in his skin and eyes and experienced difficulty breathing as a result of the chemical agent being dispersed. Plaintiff attempted to obtain medical attention, but his pleas for help were ignored by Vangilder and Vasquez.

Plaintiff also alleges that PBSP supervisory officers Cupp, Cuske, Ohland, and Ducart knew that the grenade had been dispersed, exposing plaintiff to harmful chemicals, yet did nothing to decontaminate the area or to provide plaintiff with medical attention.

Liberally construed, plaintiff's complaint states a cognizable Eighth Amendment claim for excessive force as against defendants Vangilder and Vasquez. Plaintiff's complaint also states cognizable Eighth Amendment conditions of confinement claims and deliberate indifference to serious medical needs claims as against defendants Vangilder, Vasquez, Cupp, Cuske, Ohland and Ducart.

Finally, plaintiff alleges that defendants' actions constituted cruel and unusual punishment, in violation of Article I, Section 17 of the California Constitution and violated California tort laws against negligence and against the infliction of mental and emotional distress. The Court has federal supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Therefore, the Court will exercise supplemental jurisdiction over the aforementioned state law claims pursuant to 28 U.S.C. § 1367.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's motion for leave to amend his complaint is GRANTED. The Clerk shall file Docket No. 24 as plaintiff's Second Amended Complaint.

2. Defendants Vangilder and Vasquez have already been ordered served. Accordingly, the Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the SAC (dkt. no. 24), all attachments thereto, and a copy of this order on **C. Ducart, K. Ohland, S. Cupp,** and **J. Cuske** at **Pelican Bay State Prison**. The Clerk shall also re-instate these individuals as defendants on the court docket and mail a courtesy copy of this order to Ian Michael Ellis at the California Attorney General's Office.

3. The Court will set a dispositive motion briefing schedule by separate order once service is complete in this action and the three cases that have been related to this action, i.e., *Cisneros v. Vangilder, et al.*, No. C 16-0735 HSG (PR); *Chaidez v. Vangilder, et al.*, No. C 16-1330 NJV (PR); and *Manriquez v. Vangilder, et al.*, No. C 16-1320 HSG (PR). Once defendants have been served in this action, counsel is requested to file a notice of appearance or other such pleading confirming that the case has been served.

**IT IS SO ORDERED.**

Dated: 12/1/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge